IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ADRIANO TISINO, ET AL. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-244 |
| | § | |
| DANILO BECERRA, ET AL. | § | |

## OPINION AND ORDER

Having conferred with counsel of record at a Hearing on February 6, 2012, the Court now issues this Opinion and Order.

Under the present circumstances that exist in this case, the Court is of the opinion that it would be unjust to force the Ross Defendants to respond to the Plaintiffs' Motion for Partial Summary Judgment without the benefit of, at least, the depositions of Ella Bostick and Charles Simpson, which the Ross Defendants allege they cannot presently afford to take without access to some of the funds subject to the existing Amended Preliminary Injunction. Unfortunately, for the Ross Defendants, they are not presently in a position to prove their entitlement to any of those funds and this Court is, therefore, not inclined to recommend a release of any funds without such proof.

Since trial is now set for March 19, 2012, this Court believes that the proper exercise of judicial discretion would dictate that the Motion for Partial Summary Judgment be deferred[1] and that the Ross Defendants be permitted to defend themselves by, *inter alia*, the cross examinations

---

[1] To best preserve the time and resources of the Parties and the Court, and given the present trial setting, this Court does not intend to submit a formal Report and Recommendation on this matter unless specifically requested to do so by Judge Hoyt.

of Bostick and Simpson at a trial on the merits of Plaintiffs' claim for the imposition of a constructive trust on the Edward Jones Funds now in the Registry of the Court and the home located at 3240 Steven Drive, Encino, California.  Cf. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("the trial court may deny…summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.") see also, Veillon v. Exploration Services, Inc., 876 F.2d 1197, 1200 (5th Cir. 1989) ("a district judge has the discretion to deny a Rule 56 Motion even if the movant otherwise carries its burden of proof, if the judge has doubt as to the wisdom of terminating the case before a full trial.")

It is, therefore, **ORDERED** that the Plaintiff's Request for the entry of a Scheduling Order (Instrument no. 410) to advance a disposition of their Motion for Partial Summary Judgment is **DENIED**, without prejudice to being reasserted should the present circumstances in this case change significantly and merit a different approach.

**DONE** at Galveston, Texas, this ____7th____ day of February, 2012.

_____
John R. Froeschner
United States Magistrate Judge