IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ADRIANO TISINO, ET AL. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-244 |
| | § | |
| DANILO BECERRA, ET AL. | § | |

## OPINION AND ORDER

On August 23, 2012, this Court issued an Order which included its observation that "If the Tisino Plaintiffs' opinion is correct" that Robert Paul Ross, II (Ross), is wilfully violating the Amended Preliminary Injunction it "would be a serious matter," but withholding any judgment on the merits of the Motion until an appropriate way to address it was established at a Hearing set for August 30, 2012.  In his initial response to the Motion, Ross has provided some evidence that the Tisino Plaintiffs, in return for his withdrawal to any opposition to being included within coverage of the Preliminary Injunction, may have agreed he could continue to receive the $7,000.00 monthly annuity payments from the MetLife Annuity, purchased in April of 2009, without being construed to be in violation of the otherwise agreeable Amended Preliminary Injunction.  Attached to the response is, *inter alia*, a copy of a letter, apparently sent by counsel for the Tisino Plaintiffs to MetLife on August 28, 2012, warning it that continuing the monthly payments to Ross may be in violation of the Amended Preliminary Injunction.

Under the provisions of the Order issued by this Court on August 30, 2012, the Tisino Plaintiffs' Motion will not be resolved until at least late October and two payments will

become due during that time.  Since the coverage of the Preliminary Injunction is in dispute and it may possibly be construed as ambiguous as to the proposed "clawback," or unenforceable as to the annuity payments in question, the Plaintiffs' request that the Court issue an immediate Preliminary Order commanding Ross to deposit any funds received in the past and in the future, if any, from MetLife into the Registry of the Court, prior to the resolution of the Motion, is **DENIED**.

If MetLife suspends the payments, in possible violation of its contractual duties under the Annuity, the funds will be secure; however, if under the terms of the Annuity they are paid to Ross in the meantime, his use of the funds will be at his peril.

**DONE** at Galveston, Texas, this _____31st_____ day of August, 2012.

_____
John R. Froeschner
United States Magistrate Judge